UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY BAILEY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DIRECTOR OF CORRECTIONS,<br><br>　　　　　Respondent. | 1:10-cv-01874 MJS HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition raises claims challenging the duration of his sentence. (Pet., ECF No. 1.)

**I.    DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

A petitioner who is in state custody and wishes to collaterally challenge his conviction

1  by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. §
2  2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state
3  court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman
4  v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo
5  v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

6        A petitioner can satisfy the exhaustion requirement by providing the highest state court
7  with a full and fair opportunity to consider each claim before presenting it to the federal court.
8  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);
9  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest
10 state court was given a full and fair opportunity to hear a claim if the petitioner has presented
11 the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal
12 basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

13       Additionally, the petitioner must have specifically told the state court that he was raising
14 a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,
15 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th
16 Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States
17 Supreme Court reiterated the rule as follows:

18 > In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that
> exhaustion of state remedies requires that petitioners "fairly
19 > present" federal claims to the state courts in order to give the
> State the "'opportunity to pass upon and correct'alleged violations
20 > of the prisoners' federal rights" (some internal quotation marks
> omitted). If state courts are to be given the opportunity to correct
21 > alleged violations of prisoners' federal rights, they must surely be
> alerted to the fact that the prisoners are asserting claims under the
22 > United States Constitution. If a habeas petitioner wishes to claim
> that an evidentiary ruling at a state court trial denied him the due
23 > process of law guaranteed by the Fourteenth Amendment, he
> must say so, not only in federal court, but in state court.
24
   Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:
25
26 > Our rule is that a state prisoner has not "fairly presented" (and
> thus exhausted) his federal claims in state court *unless he
27 > specifically indicated to that court that those claims were based on
> federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th
   > Cir. 2000). Since the Supreme Court's decision in Duncan, this
28 > court has held that the *petitioner must make the federal basis of*

> *the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented his claims to any California court, including the California Supreme Court. Accordingly, this Court cannot determine which, if any, of his claims have been exhausted. If Petitioner has not presented his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented his claims to the California Supreme Court and simply neglected to inform this Court. If so, Petitioner must inform the Court if his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.  Without knowing what claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition.

## II.   ORDER

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioner's failure to exhaust state remedies.  Petitioner is ORDERED to inform the Court within thirty (30) days of the date of service of this order what claims have been presented to the California Supreme Court.

Petitioner is forewarned that failure to follow this order will result in dismissal of the

/////

/////

/////

1  petition pursuant to Local Rule 110.

4  IT IS SO ORDERED.

5  Dated:     March 12, 2011              /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE